IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH  DIVISION

| | | |
|---|---|---|
| DENNIS GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 424-117 |
| | ) | |
| PED FED CREDIT UNION; | ) | |
| CHRISTOPHER J. MARTIN, Senior | ) | |
| Vice President-Pen Fed; BRIAN CASSIN, | ) | |
| CEO-Pen Fed; NATIONWIDE CREDIT | ) | |
| CORP.; EXPERIAN; ROBERT SAPP, | ) | |
| Manager-Pen Fed; and JAMES SCHENCK, | ) | |
| CEO-Pen Fed 2023, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

Pleadings drafted by *pro se* litigants must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."

Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

Plaintiff alleges he received a loan from Defendant PenFed Credit Union ("PenFed"), which PenFed then sold to Defendant Nationwide Credit Corporation ("Nationwide"). (See doc. no. 1.) Plaintiff is upset one or both of these companies shared negative credit information

2

concerning the loan status with credit reporting agencies such as Defendant Experian.  (Id. at 5, 7.)  Plaintiff does not allege the loan status information is incorrect.  (See generally id.)  Instead, he alleges PenFed had no right to sell his loan to Nationwide, the sale is unfair to him because PenFed disbursed the original loan proceeds and Nationwide never paid him anything, and the sharing of negative credit information with credit agencies constitutes a violation of his privacy rights.  (Id.)  Plaintiff asserts claims for violation of the Privacy Act, misrepresentation of a contract, copyright infringement, and identity theft.  (Id.)

Plaintiff's complaint is premised on fundamental misunderstandings of concepts that are central to the United States banking system.  Banks sell loans and assign rights of payment and collection.  When a borrower fails to pay, banks share this negative credit information with credit reporting agencies.  The borrower's credit score decreases as a result, and this can have a devastating impact on the borrower's finances.  Because Plaintiff alleges nothing aside from the normal operations of the banking system, his complaint fails to state any claim against any Defendant.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 14th day of June, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA